**SO ORDERED.**

**SIGNED this 6 day of August, 2021.**

_David M. Warren_
**David M. Warren**
**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

IN RE:
JAMES LAWRENCE BEAUCHAMP
AND MARIE JOCELINE
BEAUCHAMP
               **DEBTORS**

CASE NO.  20-02446-5-DMW
CHAPTER 13

### CONSENT ORDER
### RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY

      **THIS CAUSE** coming on to be heard before the United States Bankruptcy Court for Eastern District of North Carolina, and it appearing to the Court that Community Loan Servicing, LLC fka Bayview Loan Servicing, LLC (hereinafter "Creditor"), and the Debtor(s) have agreed and consented to the entry of this Order allowing the conditional relief from the automatic stay pursuant to the agreement of the parties as set forth below:

      **NOW THEREFORE**, with the agreement and consent of the parties, the Court makes the following:

### FINDINGS OF FACT

1.      On July 6, 2020, JAMES LAWRENCE BEAUCHAMP and MARIE JOCELINE BEAUCHAMP (hereinafter "Debtor(s)"), filed a petition with the Bankruptcy Court in the Eastern District of North Carolina under Chapter 13 of Title 11 of the United States Code.

2.      On the date the petition was filed, the Debtor(s) were the owner(s) of real property located at 405 Bordeaux St, Jacksonville, North Carolina 28546 (hereinafter "Property").

3.      The Property is subject to the first lien of the Creditor by a Deed of Trust recorded in the Onslow County Public Registry ("Deed of Trust").

17-12488 BKMFR03

4.      Said Deed of Trust secures a Note in the original principal amount of $37,228.43.

5.      The Debtor(s) defaulted in mortgage payments to be made pursuant to the Plan. The amount of the default as of August 3, 2021, is $2,103.65.  A breakdown of the arrearage is as follows:

| | |
|---|---|
| 4 payments @ $547.99 | $2,191.96 |
| 3/12/2021 - 7/12/2021 | |
| Less Suspense | $-88.31 |
| **Total Delinquency** | **$2,103.65** |

6.      The Creditor and the Debtor(s) have agreed and consented to entry of this Order as shown by the signatures of counsel for the parties appearing below.

        **NOW THEREFORE,** by virtue of the law and by reason of the premises aforesaid, and the consent of the parties, it is Ordered, Adjudged and Decreed as follows:

A.      The Debtor(s) shall continue to make required monthly plan payments in the amount of $1,096.00 per month beginning with the payment due May 1, 2021, per the Consent Order entered on April 23, 2021 resolving Trustee's Motion to Dismiss.

B.      The Debtor(s) shall make additional payments of $694.00 per month beginning May 1, 2021 and continuing monthly thereafter for a period of six (6) months to bring the plan current per the Consent Order entered on April 23, 2021 resolving Trustee's Motion to Dismiss.

C.      In the event the Debtor(s) shall fail to make any plan payments required by Paragraphs A and B during the 12 months following the entry of this order, on or before thirty (30) days after such payment first comes due, the Creditor shall be deemed to have relief from the automatic stay in order to pursue any remedies it may have against its collateral pursuant to applicable state law without the necessity of further notice or hearing in order that Community Loan Servicing, LLC fka Bayview Loan Servicing, LLC, or any successor-in-interest shall be allowed to proceed to foreclosure under the Deed of Trust referred to above.  In the event the automatic stay is lifted, the Creditor shall be permitted to communicate with the Debtors and Debtors' counsel to the extent necessary to comply with applicable non-bankruptcy law.

D.      In the event that a default does occur, Creditor shall be entitled to collect all attorney fees and costs incurred in connection with such default.  In the event that this case is dismissed or discharged, Creditor shall be free to enforce its legal remedies notwithstanding this Stipulation.

E.      The automatic stay will be modified immediately upon the Debtors' default and the waiting period pursuant to Rule 4001 and further noticing pursuant to Rule 3001.2 (b) and (c) are waived.

F.      The finance agreement giving rise to the security interest in favor of Creditor includes a provision permitting recovery of any fees/costs associated with enforcing the agreement.  Based on the same, the creditor shall be awarded a secured claim in the amount of $688.00 to be paid through the chapter 13 plan pursuant to the Trustee's disbursement procedures.  The Trustee is hereby authorized to extend or modify the plan as needed to accommodate payment of this claim.

G.      Debtor's counsel shall be allowed an administrative claim for attorney fees incurred in the amount of $500.00.  The Trustee is hereby authorized to extend or modify the plan as needed to accommodate payment of this claim.

H.      In the event that relief occurs pursuant to the default provisions of the Order, Creditor will have 120 days therefrom to file any amended or other proof of claim for deficiency related to the indebtedness which is the subject of this Order.

| CONSENTED TO: | | NO OPPOSITION: |
|---|---|---|
| Attorney for Creditor: | Attorney for Debtor: | Chapter 13 Trustee |
| */s/ Ryan Srnik* | */s/ Christian Bennett Felden* | */s/ Joseph A. Bledsoe, III* |
| Ryan Srnik | Christian Bennett Felden | Joseph A. Bledsoe, III |
| N.C. Bar No. 53715 | N.C. Bar No. 37438 | N.C. Bar No. 19817 |
| BROCK & SCOTT, PLLC | P.O. Box 1399 | PO Box 1618 |
| 8757 Red Oak Blvd., Suite 150 | Jacksonville, NC 28541-1399 | New Bern, NC 28563 |
| Charlotte, NC 28217 | Telephone: 910-777-5464 | 252 633-0074 |
| Telephone:  919-872-5466 | Facsimile: 888-808-9991 | Chapter13@bledsoe13.com |
| Facsimile:  704-369-0760 | cbfelden@feldenandfelden.com | |
| ncbkr@brockandscott.com | | |

END OF DOCUMENT